

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF OREGON

**PETER C. McKITTRICK**
BANKRUPTCY JUDGE

1050 S.W. SIXTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1536

M. CAROLINE CANTRELL
LAW CLERK

BEN COLEMAN-FIRE
LAW CLERK

TONIA McCOMBS
LAW CLERK

August 1, 2019

Beverlyann Lee
3457 NE Couch St.
Portland, OR 97232

James P. Laurick (via ECF)
Kilmer Voorhees & Laurick PC
732 NW 19th Ave.
Portland, OR 97209

      Re: <u>Lee v. Nationstar Mortgage LLC</u>, Adv. No. 19-3019-pcm
           Defendant's Motion to Dismiss (Doc. 12)

Dear Ms. Lee and Mr. Laurick:

    The purpose of this letter is to rule on the motion to dismiss filed in the above captioned adversary proceeding by Nationstar Mortgage, LLC, d/b/a/ Champion Mortgage Company (Defendant). For the reasons set forth below, I will grant the motion to dismiss.

    The dispute between the parties arises from a 2009 reverse mortgage transaction involving Plaintiff's residence. Plaintiff filed a complaint against Defendant for violation of the automatic stay pursuant to § 362(k). Doc. 1. Plaintiff alleges that Defendant violated § 362(a)(3), (4) and (5), which, with certain exceptions not applicable here, provide that the filing of a bankruptcy petition operates to stay:

    (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

    (4) any act to create, perfect, or enforce any lien against property of the estate;

    (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title[.]

§ 362(a)(3)-(5).[1] Defendant moves to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012, for failure to allege facts that state a claim on which relief may be granted.

Ordinarily, on a motion to dismiss, the Court will not consider matters outside the pleadings. However, the Court may consider certain materials outside the pleadings without converting the motion to one for summary judgment, such as "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice[.]" United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Matters of public record may be considered and doing so does not convert a motion to dismiss to one for summary judgment. In re Carpenter, 205 B.R. 600, 604 (9th Cir. BAP 1997).

Defendant attaches to the motion to dismiss several exhibits but does not explain why it is appropriate for the Court to consider those documents in conjunction with the motion to dismiss or include an affidavit authenticating the exhibits. Therefore, except to the extent an exhibit attached to the motion to dismiss is independently appropriate to consider under the standard set forth above, I have not considered Defendant's exhibits in deciding to grant the motion to dismiss.

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept all material allegations of the complaint as true and construe them in the light most favorable to the party opposing the motion. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Fed. R. Civ. P. 8(a)(2), made applicable by Fed. R. Bankr. P. 7008, requires a pleading stating a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" The complaint need not contain "detailed factual allegations," but it must contain more than labels and conclusions, or "a formulaic recitation of the elements of a cause of action[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The court need not accept as true a legal conclusion couched as a factual allegation. Id.

Plaintiff's complaint alleging Defendant violated the stay is based on three grounds:

---

[1] Section 362(a)(6) provides that the filing of a bankruptcy petition stays "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case[.]" Although Plaintiff does not allege a violation of § 362(a)(6) in her complaint, Defendant discusses it in the motion to dismiss, arguing that Plaintiff has failed to state a claim under § 362(a)(6). I am inclined to agree with Defendant, but I need not decide the question because Debtor does not allege a violation of § 362(a)(6) in her complaint or address that provision in response to the motion to dismiss.

    1. <u>Defendant's receipt of plan payment distributions from the chapter 13 trustee</u>

Plaintiff alleges that Defendant violated the automatic stay when it accepted four distributions of her plan payments from the chapter 13 trustee on 12/8/16, 7/8/17, 8/17/17 and 9/8/17 without having an approved claim and when it did not return those funds after being asked to do so.

I will dismiss this claim because Defendant's receipt of plan payment distributions from the chapter 13 trustee did not violate the automatic stay as a matter of law. <u>In re Zotow</u>, 432 B.R. 252, 260-61 (9th Cir. BAP 2010)(lender's receipt of payments from a chapter 13 trustee as part of the chapter 13 process is not an act proscribed by the §362(a) injunction).

In her response to the motion to dismiss, Plaintiff cites <u>In re Roman</u>, 283 B.R. 1 (9th Cir. BAP 2002), for the proposition that Defendant's receipt of distributions from the chapter 13 trustee violates the stay. Plaintiff's reliance on <u>Roman</u> is misplaced. In <u>Roman</u>, the creditor violated the stay by filing a postpetition state court lawsuit against the debtor. <u>Roman</u> was a chapter 7, not chapter 13, case and thus does not support Plaintiff's claim that Defendant's receipt of chapter 13 plan payment distributions from the chapter 13 trustee violated the automatic stay.

    2. <u>Defendant's payment of 2016-2018 property taxes</u>

Plaintiff alleges that Defendant violated the automatic stay when, on August 2, 2018, and November 8, 2018, Defendant advanced funds to pay Plaintiff's 2016, 2017, and 2018 property taxes. Defendant argues in the motion to dismiss that this claim should be dismissed because the Court had already lifted the stay when it made the payments and, even if it had not, "Debtor's claim fails to plead sufficient facts to assert a violation" of the stay. Motion to Dismiss, p. 8.

As a threshold matter, Plaintiff's chapter 13 plan was confirmed on October 6, 2016. Case 16-32793-pcm13, Doc. 27. Where, as here, the plan and order confirming plan do not provide otherwise, confirmation vests all property of the estate in the debtor. § 1327(b). As a result, any property of the estate re-vested in Plaintiff on October 6, 2016, when her chapter 13 plan was confirmed. Therefore, Plaintiff has failed to state a claim for violation of § 362(a)(3) or (4), because Defendant's payment of the property taxes in 2018, cannot be viewed as an act to obtain possession of property of or from the estate, or to exercise control over property of the estate, § 362(a)(3), or to create, perfect, or enforce a lien against property of the estate. § 362(a)(4).

The remaining question is whether Plaintiff has stated a claim under § 362(a)(5) based on Defendant's payment of the 2016-2018 property taxes listed above. I conclude she has not.

Under § 362(a)(5), Plaintiff's filing of a chapter 13 petition stayed "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title[.]" The claims for 2017 and 2018 property taxes arose postpetition. Even assuming that Defendant's payments of the 2017 and 2018 property taxes was an "act to create, perfect, or enforce" its lien against Plaintiff's

property,[2] it would not be proscribed by § 362(a)(5) because Defendant's claim against Plaintiff for those two tax years arose postpetition.

      Plaintiff argues in her response to the motion to dismiss that the 2016 property taxes constitute a prepetition claim. On October 20, 2017, Multnomah County filed a secured claim for Plaintiff's then unpaid 2016 property taxes. Claim 6. It is unclear whether all or only a portion of that claim is, in fact, a prepetition claim, but Multnomah County has not withdrawn its claim and Debtor has not filed an objection to it. Therefore, for purposes of ruling on the motion to dismiss, I will assume that the 2016 property taxes qualify as a prepetition claim. Plaintiff has nevertheless failed to state a claim that Defendant's payment of the 2016 taxes violated § 362(a)(5) for two reasons.

      First, a secured creditor's payment of past-due property taxes to protect its security interest is not an act to "create, perfect or enforce a lien." It is "well established" that a transfer of a claim from one creditor to another does not violate the automatic stay. In re Olick, 2011 WL 5075104, *7 (E.D. Pa. 2011)(unreported). The effect of Defendant's payment of the 2016 property taxes was merely to transfer the secured claim for those taxes from Multnomah County to Defendant.

      Plaintiff argues that each of Defendant's tax payments created a new lien, but cites no authority to support that proposition, and it is incorrect. Defendant's lien was created in 2009 when Plaintiff entered into the reverse mortgage transaction. Section 362(a)(5) proscribes acts to "create, perfect or enforce" liens against a debtor's property, not those that increase the amount of the claim secured by a preexisting lien.

      Second, this court had already granted Defendant relief from stay when it paid the 2016 property taxes. On June 29, 2018, the Court entered an order granting relief from stay for Defendant to commence a judicial foreclosure proceeding in state court and obtain possession of the property at issue to the extent allowed by applicable nonbankruptcy law. Case 16-32793-pcm13, Doc. 135. The Court granted relief based on Plaintiff's failure to (1) pay her 2017 property taxes and (2) amend her plan to provide for payment of the claim filed by Multnomah County for her unpaid 2016 property taxes. Well before granting relief from stay, the Court had already determined that Plaintiff is contractually obligated to timely pay her property taxes and that to the extent she failed to do so prepetition, Nationstar was entitled to advance those costs and add them to Debtor's loan balance. Adv. P. 16-3156, Docs. 55, 56. By granting relief from stay, the court decided that Defendant was entitled to collect any claim it has by foreclosing and repossessing Plaintiff's property in accordance with state law. This Court has repeatedly told Plaintiff that whether Defendant's payment of the taxes violated the terms of the parties' contract or other nonbankruptcy law is a question for the state court to decide in the context of the judicial foreclosure proceeding.

      Plaintiff appears to believe that because the order granting relief from stay did not expressly authorize Defendant to make the tax payments, doing so necessarily violated the stay.

---

[2] For the reasons discussed below, I do not think that a secured creditor's payment of property taxes qualifies as an act to "create, perfect or enforce" a lien.

Plaintiff's reasoning is flawed. The first step in the analysis is to determine whether the acts complained of are prohibited by the § 362(a) injunction. For the reasons stated above, Defendant did not violate the stay when it paid the 2016-2018 property taxes.

### 3. Defendant's assessment of postpetition attorney fees, costs and property charges

Plaintiff's complaint concerning this allegation is difficult to follow but the gravamen of the complaint appears to be that Defendant violated the stay when it added certain postpetition charges to her reverse mortgage account. Plaintiff clarifies in her response to the motion to dismiss that the basis of this claim is that Defendant violated the stay by failing to report certain postpetition charges using Official Form 410S2, which form is associated with Fed. R. Bankr. P. 3002.1. See Doc. 13, p. 6. There are at least two problems with this claim.

First, it is, in substance, the same claim that Plaintiff asserted in an earlier adversary proceeding. See AP No. 17-3117-pcm, Doc. 1. I determined in the earlier proceeding that Defendant's alleged failure to comply with Rule 3002.1 by failing to use Official Form 410S2 did not state a claim for violation of the automatic stay and dismissed that claim pursuant to Rule 12(b)(6). Id. at Doc. 14. Plaintiff did not appeal that decision. A dismissal for failure to state a claim under Rule 12(b)(6) is considered an adjudication on the merits and has preclusive effect. 2 Moore's Federal Practice, § 12.51 (Matthew Bender 3d Ed.). Therefore, this claim is precluded.

Second, the acts Plaintiff complains of occurred postpetition and postconfirmation. For the reasons discussed above, such acts do not violate § 362(a)(3), (4) or (5).

Plaintiff has not requested leave to file an amended complaint in response to the motion to dismiss. Even if she had, I would deny leave to replead on the basis of futility. See 2 Moore's Federal Practice § 12.34[5] (Matthew Bender 3d Ed.)(futility is an appropriate basis upon which to deny motion for leave to amend). For the reasons discussed above, the facts alleged by Plaintiff clearly show that she has no legitimate claim that Defendant violated § 362. Plaintiff, in the complaint and in her response to the motion to dismiss, raises several arguments pertaining to issues previously decided by the Court in the main bankruptcy case and associated adversary proceedings. A court need not grant leave for a plaintiff to reassert claims previously determined. Garcia v. City of Chicago, 24 F.3d 966, 970 (7th Cir. 1994).

### Conclusion

For the reasons stated above, I will enter an order dismissing the complaint filed in this adversary proceeding. The Court will prepare the order.

Sincerely,

PETER C. MCKITTRICK
Bankruptcy Judge

cc: Beverlyann Lee
James P. Laurick (via ECF)
Wayne Godare (via ECF)